IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,          ORDER

      v.                         12-cr-99-wmc-1

CHRISTOPHER M. BLACK,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christopher M. Black's supervised release was held on November 14, 2012, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Grant C. Johnson. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U. S. Probation Officer Helen H. Raatz.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Eastern District of Missouri on September 1, 2011, following his conviction for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. This offense is a Class D felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 15 months with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on January 7, 2012. Jurisdiction was transferred to the Western District of Wisconsin on July 16, 2012.

On October 19, 2012, a judicial review hearing was held due to defendant's use of alcohol in violation of Special Condition No. 3. Defendant was continued on supervision with a modification of the terms of his supervised release to include a 90-day placement at a residential reentry center and participation in the Court Intervention Program.

On October 31, 2012, defendant began his residential reentry center placement at Fahrman Center in Eau Claire, Wisconsin. Less than one week later, on November 5, 2012, defendant again violated Special Condition No. 3 by consuming alcohol.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the three-year term of supervised release imposed on defendant on September 1, 2011, will be revoked.

Defendant's criminal history category is I. With a Grade C violation and a criminal history category of I, defendant has an advisory guideline term of imprisonment range of 3 to 9 months. Under 18 U.S.C. §3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months because this offense is a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and deter him from future similar behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on Christopher M. Black on September 1, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 9 months with a two-year term of supervised release to follow. I recommend that BOP conduct a psychiatric examination before placing the defendant in an appropriate facility and that he be afforded all available substance abuse and mental health treatment appropriate. Upon his release from custody, I also recommend that the defendant undergo a follow up psychological examination and be considered for participation in the court's intervention program. All conditions previously imposed shall remain in effect with the exception of Special Conditions 9 and 10. Finally, I find that the defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 15th day of November, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
U.S. District Judge